UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LENN A. IVY, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   No. 4:13-CV-1283 JAR |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

The matter now before the Court is Respondent's Motion for a More Definite Statement. (ECF 9.) Petitioner has not responded to the motion, and the time to do so has expired. Accordingly, the motion is ready for disposition. For the reasons stated below, the motion will be denied.

**A.      Standard of Review**

Rule 12 of the Rules Governing § 2254 Cases provides that the Federal Rules of Civil Procedure may be applied to habeas corpus proceedings to the extent they are not inconsistent with any statutory provisions or the habeas rules. Specifically, a respondent to a habeas petition may seek a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. See Wise v. Superintendent of Attica Corr. Facility, No. 08-CV-6312, 2008 WL 4890382, at *1 (W.D.N.Y. Nov. 12, 2008) (finding that a petitioner's "failure to set forth any information whatever regarding the factual and legal bases for his claims for habeas relief supports respondent's request for a more definite statement under Fed. R. Civ. P. 12(e)").

Rule 2(c)(2) of the Rules Governing § 2254 Cases requires a petition to state the facts supporting each ground. See Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990) ("[I]n order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review."). A motion for more definite statement is proper when a party is unable to determine the issues that must be met, or where there is a major ambiguity or omission in the pleading that renders it unanswerable. Love v. Career Educ. Corp., No. 4:11CV1585, 2012 WL 10614, at *1 (E.D. Mo. Jan. 3, 2012) (citing Tinder v. Lewis County Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001)). Motions for more definite statement are designed to strike unintelligibility rather than lack of detail in the pleading. Broadcast Music, Inc. v. MWS, LLC, No. 4:11CV1481, 2012 WL 368736, at *2 (E.D. Mo. Feb. 3, 2012).

**B.     The Petition**

Relevant to the matter now before the Court, the Petition states that "Ramona Gau" is the name of the attorney who represented Petitioner at trial and at sentencing. (ECF 4 at 12.) In Ground 9, Petitioner asserts a claim of ineffective assistance of counsel for "not using the newly discovered evidence that was giving [sic] to her by victim daughter." (Id. at 22.) To support this ground, the Petition states that on May 28, 2010, "Mrs. Ramona Gau was approached by the victim daughter," who stated to Ms. Gau that "her client wasn't the shooter." (Id.) The Petition then refers to an "attached document." (Id.) The attachment contains the following statement:

> When I was leaving the courtroom after all said and done, the victim's daughter asked to talk to me. She proceeds to tell me that she knows my client was not the shooter and that her brother (who was a state's witness against my client) shot her dad. She then tells me that her brother was in trouble with the Feds and being

>   forced to implicate his dad.  He decided to kill the dad instead of turning on him.  I asked the daughter if she wanted the right guy locked up.  She said she did but she is afraid of her family and would only cooperate if she could be anonymous.  She said she would not tell anyone what she was telling me.  She is afraid of the rest of the family.  I asked her if an investigator contacted her from our office, what she would say.  She said she would say nothing.  She did say that her uncle Mario also knows about this.

(Id. at 23-24.)  The attachment is not otherwise identified by Petitioner, and it is not signed or further contextualized by the author.

**C.     Discussion**

Respondent acknowledges that the Petition generally complies with Rule 2(c)(2). However, Respondent states that Ground 9 of the Petition contains ambiguities which prevent a proper response.  Specifically, Respondent states that Ground 9 refers to an attached document which is presented without context or identification.  Respondent argues that a description of this attached document would enable Respondent to prepare a better response.

In this case, while it may be true that further factual enhancement would potentially allow Respondent to fashion a better response, such enhancement is not the standard.  The Petition sufficiently sets forth the issues such that Respondent may ascertain the nature of the claims being asserted.  Accordingly,

**IT IS HEREBY ORDERED** that Respondent's Motion for a More Definite Statement (ECF 9) is DENIED.

**IT IS FURTHER ORDERED** that, on or before **October 22, 2013**, Respondent shall file an amended response that addresses all of Petitioner's claims.

Dated this 8th day of October, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE